**BENNIE L. GAMBLE JR.**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:14CV-P51-R**

**DISTRICT JUDGE CRAIG CLYMER**                                        **DEFENDANT**


## MEMORANDUM OPINION

This matter is before the Court on the criminal complaint filed by Plaintiff Bennie L.

Gamble, Jr., *pro se*, in which he purports to bring criminal charges against District Judge Craig

Clymer.  Plaintiff alleges that on or about the date of July 18, 2012, Judge Clymer violated

several federal criminal statutes based on the following "facts":  "Constitutional: Fact doctrine,

Jurisdictional: Fact doctrine, Constitutional tort, Government tort, Intentional tort, Negligent tort,

Personal tort, Prima: facie."

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is

axiomatic that federal district courts are courts of limited jurisdiction, and their powers are

enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well

established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority

of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's

influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir.

2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Plaintiff is a private citizen, and he cannot initiate criminal charges against anyone. He, therefore, fails to establish the Court's subject-matter jurisdiction over this action. Accordingly, the Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.005